UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AUTO OWNERS INSURANCE
COMPANY,

      Plaintiff,

v.                                             Case No: 2:18-cv-372-FtM-99MRM

KELLY EDMAN, FAB II, INC.,
EILEEN WHITT, BILLY WHITT and
STEPHEN HENKE,

      Defendants.
_____/

**ORDER**[1]

This matter comes before the Court on review of Plaintiff's Complaint for Declaratory Judgment (Doc. 1) filed on May 29, 2018. Subject-matter jurisdiction is premised on the presence of diversity of citizenship between the parties. This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff alleges "on information and belief" that defendants Kelly Edman, Eileen Whitt, Billy Whitt, and Stephen Henke are residents of Lee County, Florida. (Doc. 1, ¶¶ 4, 6-8). Plaintiff fails to establish complete diversity of citizenship. An individual is a citizen where he is domiciled, not necessarily where he is a resident. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."). Domicile is the place of an individual's true, fixed, and permanent home and to which he intends to return whenever he is absent therefrom. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted). A domicile is not synonymous with a residence, and it is possible for someone to reside in one place but be domiciled in another. *See id.*

Plaintiff has failed to properly allege the citizenship of the parties; therefore, the Court cannot determine that diversity of citizenship is present. Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.[2]

Accordingly, it is now

**ORDERED:**

Plaintiff's Complaint (Doc. 1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint on or before **August 3, 2018**. **Failure to file an Amended Complaint by this date will result in this matter being closed without further notice.**

---

[2] The Court also notes that Plaintiff failed to move for a clerk's default after defendants were served with and failed to answer the initial Complaint. (Docs. 8-12). Plaintiff should promptly move for a clerk's default if Defendants fail to answer the Amended Complaint after service.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of July, 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record